**Federal Defenders**
**OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
*Executive Director*
*and Attorney-in-Chief*

MEMO ENDORSED

*Southern District of New York*
*Jennifer L. Brown*
Attorney-in-Charge

February 10, 2020

**By ECF**

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**Re:** *United States v. Neil Morgan*
**11 Cr. 500 (KMK); 16 Civ. 4704 (KMK)**

Dear Judge Karas:

I write regarding Mr. Morgan's pending motion, under 28 U.S.C.
§ 2255, to vacate his single count of conviction of using a firearm during
and in relation to a crime of violence (a conspiracy to commit robbery), in
violation of 18 U.S.C. § 924(c)(1)(A)(iii). Specifically, I write to request that
Federal Defenders of New York be relieved and that new counsel be
appointed. Our Office made (and this Court granted) an identical request
with respect to Mr. Morgan's co-defendant Tyrell Rock. Cr. Dkt. Nos. 309,
311. The ground for my request is the same: Federal Defenders represented
a cooperating witness in the underlying criminal prosecution.

Our representation of Mr. Morgan, thus far, has concerned pure

Hon. Kenneth M. Karas                                  February 10, 2020
United States District Judge                                        Page 2

**Re:**   ***United States v. Neil Morgan***
          **11 Cr. 700 (KMK); 16 Civ. 4704 (KMK)**

questions of law. The pending § 2255 motion concerns whether the
Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551
(2015)—that invalidated as void for vagueness the residual clause of the
Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)—rendered invalid the
residual clause of § 924(c). As discussed in our previous letter to this Court
(Cr. Dkt. No. 296), *United States v. Davis*, 139 S. Ct. 2319 (2019, held that the
residual clause of § 924(c) is unconstitutionally vague under *Johnson*. And
*United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), resolved that (after
*Davis*) a conviction under § 924(c) that is predicated on a "conspiracy" to
commit Hobbs Act robbery—as with Mr. Morgan's § 924(c) conviction—is
invalid.

With these purely legal issues settled, Mr. Morgan's case is at a stage
where he must make decisions related to various factual matters. However,
because a client of our Office was a cooperator, there is a conflict of interest
in our continued representation of Mr. Morgan. We respectfully request,
therefore, that new defense counsel be appointed to represent Mr. Morgan
and that our Office be relieved as counsel. The Government consents to this
request.

/s/ Daniel Habib
Asst. Federal Defender
Tel.: (212) 417-8769

CC:   AUSA Sarah Krissoff (by ECF)



Granted.
So Ordyd.
2/12/20